Filed 4/30/15  P. v. Valenzuela CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS VALENZUELA,<br><br>    Defendant and Appellant. | 2d Crim. No. B256440<br>(Super. Ct. No. 2013025724)<br>(Ventura County) |

Luis Valenzuela appeals from the judgment following his conviction by jury of grand theft (Pen. Code, § 487, subd. (c)), as a lesser included offense of second degree robbery (*id.* at § 211); and street terrorism (*id.* at § 186.22, subd. (a)).  The trial court sentenced him to state prison for nine years, eight months.  Appellant challenges the sufficiency of the evidence to support his grand theft conviction.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2013, appellant and a younger companion, Timothy Medina, flagged down Manny Ramirez as he rode his black beach cruiser bike

down Collins Street in Oxnard. Ramirez stopped and spoke with them. Appellant asked Ramirez where he was from. Ramirez said he had just moved from Santa Barbara. Appellant asked if he was from East Side and said he did not like "homies from East Side." East Side Santa Barbara is a Santa Barbara street gang. Ramirez said he was not affiliated with any gang. Appellant swung at Ramirez, and tried to punch him. To avoid being hit, Ramirez stepped back, and away from his bike. Appellant grabbed Ramirez's bike and said, "[T]his is my bike now." He also said that if Ramirez wanted the bike, he could go to 417 Collins Street, and would need to have an "older homie from the neighborhood vouch" for him. Medina said, "[i]f you want your bike back, you'll have to throw down or fight for it." Ramirez left. Appellant walked toward his home at 417 Collins Street with Medina.

On the same day, Ventura County Sheriff Deputies Jeff Jacobs and David Schwieder responded to reports of the theft. They spoke to Ramirez, who described the incident, his bike and the suspects. Ramirez also expressed fear about getting "jumped or beat up" and being labeled "a rat." The deputies recovered Ramirez's bike from appellant's house. The bike was repainted and its frame had "little globules" of damp, sticky reddish-brown spray paint.

DISCUSSION

Appellant contends there is not sufficient evidence to support his grand theft conviction. We disagree.

In reviewing claims of insufficient evidence, we examine the entire record in the light most favorable to the judgment to determine whether there is substantial evidence that is reasonable, credible, and of solid value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Maciel* (2013) 57 Cal.4th 482, 514-515.) We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Houston* (2012)

2

54 Cal.4th 1186, 1215.)  We "'presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. . . .  A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support'" the jury's verdict. . . .'  [Citation.]"  (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

Grand theft requires that property be taken from the person of another, with the intent to deprive the person of his property.  (§ 487, subd.(c); *In re Jesus O*. (2007) 40 Cal.4th 859, 862.)  "Evidence of intent to commit a theft 'is rarely demonstrated by direct proof, and as a result, may be inferred from facts and circumstances.'  [Citation.]"  (*People v. Hussain* (2014) 231 Cal.App.4th 261, 273.)  "When someone, intending to steal, causes property to become separated from the victim's person, then gains possession of the property, the theft is from the person."  (*In re Jesus O.*, *supra*, at p. 861.)

Here appellant claims that there was not sufficient evidence that he formed the intent to steal before he swung at Ramirez.  The record belies his claim.  Ramirez stepped away from his bike only to avoid appellant's fist.  Appellant quickly grabbed the bike and said, "It's my bike now."  Before leaving with Ramirez's bike, appellant and Medina told Ramirez that he would need to go to appellant's house to get it, and to fight for it.  Such facts and circumstances support the inference that appellant intended to steal the bike before he swung at Ramirez.  (*In re Jesus O.*, *supra*, 40 Cal.4th at p. 861.)  We also reject appellant's claim that the jury's acquitting him of robbery establishes he lacked the intent to steal, a requisite element of grand theft.  We will not speculate about why the jury acquitted appellant of robbery.  Regardless of its reason, there is sufficient evidence to support his grand theft conviction.

3

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P .J.


YEGAN, J.

4

Nancy L. Ayers, Judge

Superior Court County of Ventura

_____

The Law Office of John Derrick, John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.